UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DAVID JOVON McDONALD,               )
                                    )
    Petitioner,                    )
                                    )
  v.                                )  Civil Action No. 09-1897 (PLF)
                                    )
BARACK H. OBAMA, <u>et</u> <u>al.</u>,            )
                                    )
    Respondents.                   )
_____ )


<u>MEMORANDUM OPINION AND ORDER</u>

David Jovon McDonald, who is proceeding *pro se*, filed a petition for a writ of *habeas corpus* seeking a longer period of community confinement and home confinement than respondents have indicated he will receive. Respondents have moved to transfer the *habeas* petition to the United States District Court for the Middle District of Pennsylvania because petitioner is imprisoned at the Federal Correctional Institution in Allenwood, Pennsylvania and was imprisoned there at the time he filed his petition.

Section 2243 of Title 28 of the United States Code states that a petition for *habeas corpus* shall be directed to the person "having custody of the person detained." 28 U.S.C. §2243; <u>see</u> <u>also</u> <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 813 (D.C. Cir. 1988); <u>United States v. Ingram</u>, Criminal No. 98-0173, 2006 U.S. Dist. LEXIS 44391 at *2 (D.D.C. June 29, 2006) ("It is established that writs of *habeas corpus* must be directed to the [petitioner's] custodian."). Typically such a person is the warden of the facility in which the prisoner is held. <u>See</u> <u>Guerra v. Meese</u>, 786 F.2d 414, 416 (D.C. Cir. 1986). The warden of the Federal Correctional Institute in

Allenwood, Pennsylvania therefore presumably is plaintiff's custodian and jurisdiction over petitioner's *habeas* petition likely is in federal court in Pennsylvania. See id. at 415.

In Chatman-Bey, however, the court of appeals stated that a district court should give notice of an anticipated transfer of *habeas* proceedings and an opportunity for the petitioner to set forth why the case could properly be heard in the jurisdiction in which the petition originally was filed. See Chatman-Bey v. Thornburgh, 864 F.2d at 814. If petitioner believes there is a basis for jurisdiction in this Court, the Court will, of course, consider his arguments. Accordingly, it is hereby

ORDERED that petitioner may reply to the government's Motion to Transfer on or before December 10, 2009. If the petitioner does not respond within that time, the Court will treat the matter as conceded, and transfer the petition to the United States District Court for the Middle District of Pennsylvania, the district in which the petitioner is incarcerated.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 12, 2009

2